Case 2:15-cv-01804-RFB-CWH   Document 1   Filed 09/18/15   Page 1 of 6

BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 7612
E-mail: bboschee@nevadafirm.com
KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
E-mail: kstein@nevadafirm.com
RACHEL E. DONN, ESQ.
Nevada Bar No. 10568
E-mail: rdonn@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

GOODMAN LAW GROUP
A Professional Corporation
ROSS C. GOODMAN, ESQ.
Nevada Bar No. 7722
520 S. Fourth St., 2nd Floor
Las Vegas, Nevada  89101
Telephone:    (702) 383-5088
Facsimile:    (702) 385-5088
Email:        ross@goodmanlawgroup.com

*Attorneys for Defendants Desert Lifestyles, LLC and Western Golf Properties, LLC*

## UNITED STATE DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVE HELLERSTEIN, an individual; TOM ALLEN, an individual; JED ARMSTRONG, an individual; WENDY ARMSTRONG, an individual; LESLEY ALBERS, an individual; BILL TURNER, an individual; KEVIN BATTY, an individual; JON BRADFORD, an individual; MICHELLE BRADFORD, an individual; JOHN CLERKEN, an individual; KATHY CLERKEN, an individual; LYNNE ELLS, an individual; TOM ELLS, an individual; BOB GOMPERZ, an individual; ROBERT "GONZO" GONZALES, an individual; VIVIAN GONZALES, an individual; MARK GOODE, an individual; RITA GOODE, an individual; DENNY HIBLER, an individual; JEANNE HIBLER, an individual; MELANIE ELLS-HILL, an individual; DAVE HOLTER, an individual; JANIS HOLTER, an individual; MARK JOHNSON, an individual; HARRY KELMAN, an individual; CHANCE LARSEN, an individual; JEFFREY LEVIN, an individual; | Case No.: <br><br><br><br><br><br><br> **DEFENDANTS' NOTICE OF REMOVAL** |

BILL MANN, an individual; WYNN MANN, an individual; TOM MASSON, an individual; AUDREY MASSON, an individual; JIM MEINEL, an individual; SAM MEINEL, an individual; WADE MOSEMAN, an individual; CASEY MOSEMAN, an individual; DICK NIELSEN, an individual; EDWARD PACKERT, an individual; ADELE PACKERT, an individual; LARRY SANTOS, an individual; MARLA SANTOS, an individual; RICK SCHMIDTKE, an individual; CANDY SCHMIDTKE, an individual; PAT SELWAY, an individual; RICK SHIELDS, an individual; ROXIE SHIELDS, an individual; ZANE STEMPLE, an individual; LUANN DEIBERT, an individual; GREG TWEDT, an individual; LINDA TWEDT, an individual; WILLIAM A. WALTER, an individual; MURIEL J. WALTER, an individual; MIKE WEISS, an individual; NANCY WEISS, an individual; JACK WELLS, an individual; PATTTI WELLS, an individual; JOE MIR, an individual; FARHAT MIR, an individual; STEVE MORRILL, an individual; KATHY MORILL, an individual;

                Plaintiffs,

v.

DESERT LIFESTYLES, LLC, a California limited liability company; WESTERN GOLF PROPERTIES, LLC, a California limited liability company registered in the State of Nevada as a foreign limited liability company; and DOE Individuals I-X and ROE Entities I-X, inclusive;

                Defendants.

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants, DESERT LIFESTYLES, LLC ("DL") and WESTERN GOLF PROPERTIES, LLC ("WG") (collectively "Defendants'), all jointly remove this action from the Eighth Judicial District Court for the State of Nevada to the United States District Court for the District of Nevada.

**I.**    **Introduction**

This was action was filed on September 7, 2015 in the Eighth Judicial District Court for the State of Nevada by a series of homeowner named Plaintiffs, who live within the Silverstone

- 2 -

Ranch community in northwest Las Vegas, Nevada. The homeowners are suing the Defendants for declaratory and injunctive relief on the belief that Defendants have violated the homeowners rights under the Second Amended and Restated Reciprocal Easement Agreement and Covenant to Share Costs recorded on the entire golf course property, Silverstone Ranch community, on June 14, 2002 (the "Golf Course Agreement). The homeowners sought an order for declaratory relief, a temporary restraining order, a preliminary and permanent injunction, attorneys' fees as special damages under the Golf Course Agreement and pre- and post- judgment interest. Concurrent with the complaint, the homeowners filed an Ex-Parte Application for Temporary Restraining Order; and Motion for Certain Declaratory Relief and Preliminary Injunction.

DL is a California limited liability company, who purchase the golf course property on or about September 1, 2015. WG is also a California limited liability company, which is registered to do business in the State of Nevada as a foreign limited liability company with its principal place of business in California. WG provides management and other services related to golf course properties and were purported hired by DL to assist with the management of the Silverstone Ranch community.

After the filing of the Complaint by the homeowners, the Silverstone Ranch Community Association, a Nevada non-profit corporation ("HOA") filed a Complaint In Intervention on September 11, 2015 in an attempt to become the Plaintiff In-Intervention[1], and seeking similar remedies, and all under the Golf Course Agreement. The HOA is seeking an order for declaratory relief, specific performance, injunction relief, attorneys' fees and costs. Following the filing of its complaint-in-intervention, the HOA filed an emergency Application for Order to Show Cause why Defendants should not be held in Contempt of Court Order.

As of the current date, it is unclear DL has been served properly. WG was served on September 10, 2105.

///

///

---

[1] Of note, instead of filing a Motion to Intervene, the HOA entered into a stipulation with the Plaintiffs to become an intervener, without proper basis, notice or authority.

## II. Removal is Timely

This action was filed on September 7, 2015 in the Eighth Judicial District Court for the State of Nevada. The Complaint In Intervention was filed on September 11, 2015. Defendant DL has not yet been served in this matter. Defendant WG was served September 10, 2015. A notice of removal generally must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. §1446(b)(1). In addition, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. §1446(b)(3). Given that the initial pleading was filed September 7, 2015 and the Complaint-In-Intervention was filed September 11, 2015, removal is timely.

## III. Grounds For Removal

This court has diversity jurisdiction under 28 U.S.C. §1332. Removal is proper pursuant to 28 U.S.C. §1441 and 1446. None of the Defendants are citizens of the State of Nevada, both are California citizens. The Plaintiffs are all Nevada citizens. In determining whether a civil action is removable on the basis of the jurisdiction under 28 U.S.C. §1332, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks (i) nonmonetary relief. *See* 28 U.S.C. §1446(c)(2)(A). As both the Complaint and Complaint-In-Intervention seek attorneys' fees, based on the pleadings already filed, and estimated to come, and based on the Golf Course Agreement, in which the prevailing party would be entitled to attorneys' fees, the attorneys' fees easily will exceed the sum or value of $75,000, and as such, the amount in controversy, including attorneys' fees meets the jurisdictional threshold.

## IV. The Defendants have Met All Other Requirements for Removal

A. The Defendants have attached to this Notice copies of all process, pleadings and orders file in the Eighth Judicial District Court for the State of Nevada prior to the filing of this

Notice of removal. (See attached table of Exhibits A through X).

    B.    The Defendants have concurrently filed a copy of this Notice in the Eighth Judicial District Court for the State of Nevada.

    C.    Plaintiffs have been served with a copy of this Notice.

Dated this 18th day of September, 2015.

        HOLLEY DRIGGS WALCH
        FINE WRAY PUZEY & THOMPSON

        */s/ Kimberly P. Stein*
        BRIAN W. BOSCHEE, ESQ.
        Nevada Bar No. 7612
        KIMBERLY P. STEIN, ESQ.
        Nevada Bar No. 8675
        400 South Fourth Street, Third Floor
        Las Vegas, Nevada 89101

        GOODMAN LAW GROUP
        A Professional Corporation
        ROSS C. GOODMAN, ESQ.
        Nevada Bar No. 7722
        520 S. Fourth St., 2nd Floor
        Las Vegas, Nevada 89101

        *Attorneys for Desert Lifestyles, LLC and Western Golf Properties, LLC*

| EXHIBIT | DOCUMENT |
|---|---|
| A | Verified Complaint |
| B | Plaintiffs' Ex-Parte Application for Temporary Restraining Order; and Motion for Certain Declaratory Relief and Preliminary Injunction |
| B-1 | Property Submitted to Community |
| B-2 | Golf Course Property |
| B-3 | Residential Property Owner's Owned Property |
| B-4 | Declaration of Erik Pike Turner in Support of Ex Parte Application for temporary Restraining Order and Motion for Preliminary Injunction |
| C | Notice of Posting Bond |
| D | Notice of Entry of Order Granting Temporary Restraining Order |
| E | Temporary Restraining Order |
| F | Summons Western Golf Properties, LLC |
| G | Stipulation and Order to Allow Plaintiff-In-Intervention Silverstone Ranch Community Association to Intervene in This Matter |
| H | Notice of Entry of Stipulation and Order to Allow Silverstone Ranch to Intervene in This Matter |
| I | Initial Appearance Fee Disclosure |
| J | Complaint-In-Intervention |
| K | Emergency Application For Order to Show Cause Why Defendants Should not Be Hold In Contempt of Court |
| K-1 | Exhibits to Emergency Application |
| K-2 | Continued Exhibits to Emergency Application |
| L | Certificate of Service |
| M | Order To Show Cause |
| N | Plaintiff-In-Intervention Silverstone Ranch Communication Association's Joinder to Plaintiffs' Ex-Parte Application For Temporary Restraining Order and Motion For Preliminary Injunction; And Further Motion For Certain declaratory Relief and Preliminary Injunction |
| O | Notice of Entry of Order to Show Cause |
| P | Notice of Department Reassignment |
| Q | Notice of Change of Hearing |
| R | Initial Appearance Fee Disclosure |
| S | Defendants' Opposition to Plaintiffs' Motion For Preliminary Injunction And Countermotion to Dissolve TRO |
| T | Defendants' Motion To compel Arbitration |
| U | Defendant Western Golf Properties, LLC"s Peremptory Challenge |
| V | Appendix Table of Authorities To Defendant's Opposition to Plaintiffs' Motion For Preliminary Injunction And Countermotion to Dissolve TRO |
| V-1 | Continued Exhibits to Appendix Table |
| V-2 | Continued Exhibits to Appendix Table |
| W | Plaintiff-In-Intervention Silverstone Ranch Community Association's Disclosure Statement Pursuant to NRCP 7.1 |
| X | Defendants' Motion to Strike Order to Show Cause Why Defendants should Not Be Held In Contempt on Order Shortening Time |