UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE HELLERSTEIN, *et al.*, | Case No. 15-cv-01804-RFB-CWH |
| Plaintiffs, | |
| v. | **ORDER** |
| DESERT LIFESTYLES, LLC, *et al.* | |
| Defendants. | |

### I.    INTRODUCTION

This case is before the Court on a Motion for Recusal of District Judge filed by Defendant Desert Lifestyles, LLC ("Desert Lifestyles"). ECF No. 102. In its motion, Desert Lifestyles argues that the undersigned should recuse himself from this case, and that his prior orders and rulings should be vacated, because the undersigned owns a house approximately six-tenths of a mile from the Silverstone Golf Course, which is owned by Desert Lifestyles and is the subject of this litigation. Desert Lifestyles contends that this gives the undersigned a direct financial interest in the subject matter of this litigation or, alternatively, that it creates a bias or appearance of bias that calls his impartiality into question. Desert Lifestyles has also filed a declaration from its manager and attorney, Ronald Richards, stating that he believes the undersigned has a personal bias against Desert Lifestyles and in favor of Plaintiffs in this case due to the location of the undersigned's house. For the reasons discussed below, Desert Lifestyles's motion is denied.

### II.    BACKGROUND

The parties are familiar with the background facts in this case, so the Court shall not repeat them at length. In this action, Plaintiffs, who are homeowners and the homeowners' association of

the Silverstone Ranch community in northwest Las Vegas, seek declaratory and injunctive relief against Defendants Desert Lifestyles and Western Golf Properties, LLC. Plaintiffs allege that Desert Lifestyles purchased the golf course located within Silverstone Ranch (the "Golf Course") with the intention of closing the course. Immediately after purchasing the Golf Course, Plaintiffs allege that Defendants ceased watering and maintaining the Golf Course and erected a fence around the property, causing the grass on the course to begin to brown and die and the water features to dry up.

Following a three-day hearing, the Court issued a preliminary injunction against Desert Lifestyles requiring it to restore the Golf Course to the condition it would have been in had it been continuously watered and maintained since September 1, 2015, and to thereafter maintain the course in that condition. ECF No. 101. The Court's preliminary ruling issuing the injunction was made in open court on November 3, 2015, and a written order was issued on November 10, 2015. Id.

On November 11, 2015, Desert Lifestyles filed the instant motion and accompanying declaration of Ronald Richards seeking recusal of the undersigned judge. ECF Nos. 102, 103. After reviewing the motion and declaration, the Court determined that they were without merit and denied the motion, stating that a written order would issue. Minute Order, ECF No. 104. The Court also determined that the documents filed by Desert Lifestyles contained confidential information. Thus, the Court sealed the motion and declaration. Sealed Minute Order, ECF No. 105.

### III. LEGAL STANDARD

Desert Lifestyles relies upon three grounds for the instant motion: 28 U.S.C. §§ 455(a) and (b)(4), 28 U.S.C. § 144, and the Due Process Clause of the Fourteenth Amendment.

#### A. Recusal Under 28 U.S.C. § 455

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

The Ninth Circuit has held that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)).

Unlike Section 144, "Section 455…sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge. Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980) (internal citations omitted).

Section 455(b)(4) specifically provides that a judge shall disqualify himself where "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). The statute explains that "'financial interest' means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party." Id. § 455(d)(4).

Section 455(b)(4) "establishes two classes of disqualifying interests: first, 'financial interests in the subject matter in controversy or in a party to the proceeding;' these interests require recusal whether or not the outcome of the proceeding could have any effect on the interests; second, 'other interests;' these interests require recusal only if they could be substantially affected by the outcome of the proceeding." In re Cement Antitrust Litig. (MDL No. 296), 688 F.2d 1297, 1308 (9th Cir. 1982) aff'd sub nom. Arizona v. U.S. Dist. Court for Dist. of Arizona, 459 U.S. 1191 (1983) and supplemented sub nom. State of Ariz. v. U.S. Dist. Court for Dist. of Ariz., 709 F.2d 521 (9th Cir. 1983).

**B. Recusal Pursuant to Due Process**

The Supreme Court has held that "no man can be a judge in his own case and no man is

permitted to try cases where he has an interest in the outcome." In re Murchison, 349 U.S. 133, 136 (1955) (holding that "[i]t would be very strange if our system of law permitted a judge to act as a grand jury and then try the very persons accused as a result of his investigations.").

Therefore, "while recognizing that the Constitution does not reach every issue of judicial qualification . . . it certainly violates the Fourteenth Amendment . . . to subject [a person's] liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-22 (1986) (alteration in original) (quoting Tumey v. Ohio, 273 U.S. 510, 523 (1927)).

In Lavoie, the Court held that where a judge "had pending at least one very similar bad-faith-refusal-to-pay lawsuit against [the defendant] in another Alabama court," he "acted as a judge in his own case" in violation of the Due Process Clause. Lavoie, 475 U.S. at 822, 824 (quoting In re Murchison, 349 U.S. 133, 136 (1955)). Similarly, where a mayor before whom a petitioner was compelled to stand trial for traffic offenses was also responsible for village finances, and the mayor's court provided a substantial portion of the village funds through fines, forfeitures, costs and fees, the petitioner was denied a trial before a disinterested and impartial judicial officer as guaranteed by the Due Process Clause. Ward v. Vill. of Monroeville, Ohio, 409 U.S. 57 (1972).

### C. Recusal Under 28 U.S.C. § 144

Section 144 provides that a party may file a timely affidavit that the judge before it has a personal bias or prejudice against the party or in favor of an adverse party. The Ninth Circuit has held that Section 144 "requires that the bias or prejudice of the judge be twofold: (1) personal, i.e. directed against the party, and (2) extra-judicial." United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979).

Section 144 expressly requires that this affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists," that it "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard" unless good cause is shown for failure to do so, and that it "shall be accompanied by a certificate of counsel of record stating that

it is made in good faith." 28 U.S.C. § 144. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) ("Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit"); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (finding the late filing of a motion for recusal as presumptively untimely and further dismissing the motion as meritless).

The Ninth Circuit describes the relationship between motions for recusal invoking Sections 144 and 455 as follows: "The net result is that a party submitting a proper motion and affidavit under section 144 can get two bites of the apple. If, after considering all the circumstances, the judge declines to grant recusal pursuant to section 455(a) [and] (b)(1), the judge still must determine the legal sufficiency of the affidavit filed pursuant to section 144. If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under section 144." Sibla, 624 F.2d at 868.

**IV.   DISCUSSION**

In its motion, Desert Lifestyles suggests that the undersigned "has a direct financial and pecuniary interest in the subject matter and outcome of this litigation" because "he owns a house in very close proximity (a half mile) to Defendant's real property which is the subject matter of this litigation." ECF No. 102 at 3. Desert Lifestyles argues that the undersigned's "property is within the impact zone of any ripple effect and neighborhood effect of the closure or redevelopment of the subject golf course." Id. Therefore, Desert Lifestyles contends, the undersigned should recuse himself due to his direct financial interest in the outcome of the litigation.

Upon review of Desert Lifestyles's motion, the Court finds no basis for recusal under Section 455, Section 144, or the Due Process Clause. The Court also finds that Desert Lifestyles misstates the record—specifically, the factual findings contained in the Court's Order issuing a preliminary injunction. ECF No. 101. Before discussing the bases for recusal, the Court will address these misstatements of the record.

. . .

. . .

**A. Factual Findings and Clarification of the Record**

As an initial matter, Desert Lifestyles has misstated facts in its motion regarding the relationship between the undersigned's property and the Golf Course, which is the subject of this litigation. First, the undersigned's property is not located within the Silverstone Ranch Community but rather in an entirely separate, gated community governed by a different homeowners' association. These two communities are separated physically by, at least, three major streets. There is no direct road from the edge of the Golf Course to the undersigned's property and certainly not a one-half-mile road. The distance from the undersigned's property to the Golf Course is not "a few minutes [sic] walk away." The actual distance from the Golf Course to the undersigned's property by road is approximately two to three miles. There is no direct line of sight from the closest edge of the Golf Course to the undersigned's community. Second, the two communities differ in terms of the nature and average size of the homes and lots in the respective communities.

More importantly, the language of the Preliminary Injunction and the record belie the allegation that proximity to the Golf Course alone, despite being located outside of the Silverstone Ranch Community, creates a direct financial and pecuniary interest. Throughout the proceedings and as reflected in the language of the Preliminary Injunction, the Court's consideration of the impact of the Golf Course closure has been and is limited to the Silverstone Ranch Community and the 1,520 homes built around the golf course, including those directly on, abutting, and not abutting the course. Prelim. Inj. at 3. While Desert Lifestyles quotes various excerpts from the preliminary injunction hearing to argue that the Court contemplated the effect of the closure on non-Silverstone community homes in issuing its decisions, the excerpts indicate only that the Court considered the difference in impact between *Silverstone community homes* that abut, versus *Silverstone community homes* that do not abut the Golf Course.

There has been no testimony, nor any finding by this Court, as to any "ripple effect" beyond the Silverstone community that the Golf Course closure may have had or has. Therefore, there is no basis for the proposition that the undersigned's property is part of an "economic impact zone" that may be affected by the closure. In fact, it is noteworthy that within the excerpted language in Desert Lifestyles's motion, expert witness Mr. Eggers describes the difficulty in calculating the

- 6 -

1 economic impact on homes within the Silverstone community itself, given that each home is an
2 "individual case as to where they are, whether you're driving through and seeing that dead course
3 or you're a perimeter house where you never see the house [sic]." Because of this difficulty, the
4 Court was clear in stating in its Preliminary Injunction Order that the economic impact within the
5 community "cannot be accurately quantified at this time for each homeowner," but that it falls
6 within a range of "approximately 20% to 30% of home value for homes on the Golf Course and
7 15% to 25% for homes not on the Golf Course." Prelim. Inj. at 7. The Court never made any
8 findings—nor was there an evidentiary basis for finding—that the economic impact of the
9 deterioration of the Golf Course extended beyond the gated community of Silverstone Ranch.
10 Indeed, there are other gated communities nearer to the Silverstone Ranch community than the
11 undersigned's community and the Court heard no evidence and reached no finding on these closer
12 and more comparable communities. In sum, the Court had no reason for finding or believing that
13 the deterioration of the Golf Course would impact homes beyond those in the gated Silverstone
14 community.

### B. No Basis for Recusal Under Section 455

There is no basis for recusal under Section 455(a). As described above, the undersigned lives in an entirely separate gated community that is two to three miles away by road from the Silverstone community and that differs in nature and size from the Silverstone community, and there is no direct line of sight from the undersigned's property to the Golf Course. There was no testimony supporting a finding of an economic impact beyond the Silverstone Ranch gated community itself and the Court made no findings of any impact beyond this gated community surrounding the Golf Course. Because the Court did not consider non-Silverstone community homes in its decision-making, the Court does not find that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." McTiernan, 695 F.3d at 891. Therefore, Desert Lifestyles's argument that it is entitled to prevail on its motion for recusal under Section 455(a) fails.

Similarly, the Court rejects Desert Lifestyles's argument under Section 455(b)(4), because the proceedings were focused solely on homes within the Silverstone community. In other words, there was no evidence or testimony regarding what, if any, impact the Golf Course closure may have on non-Silverstone community homes. Therefore, neither the first nor second types of interest—interests in the subject matter in controversy, and those requiring recusal only where they could be substantially affected by the outcome of the proceeding—are implicated. See In re Cement Antitrust Litig., 688 F.2d at 1308. Because the undersigned's property is not located within the Silverstone community, he is not a party to the case; therefore, the instant facts are distinguishable from those in In re Cement, where the judge's wife was a stock owner in a party to the proceeding.

### C. No Basis for Recusal Under the Due Process Clause

Because Desert Lifestyles has failed to provide a basis for which the undersigned has a "direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case," as discussed in Sections IV.A and IV.B above, the Court also rejects the Desert Lifestyles's motion under a theory of due process. Lavoie, 475 U.S. at 822.

While superficially alleging that the undersigned has a "direct, personal, substantial financial interest in the subject matter of this litigation and the outcome," Desert Lifestyles fails to point to any actual evidence within the record to illustrate such an interest. ECF No. 102 at 15. Desert Lifestyles relies on its mischaracterizations of the factual record to argue that the undersigned has a direct, personal, and financial stake in the outcome of this litigation. For the reasons discussed above, however, that is simply not the case here. The cases to which Desert Lifestyles cites are not analogous to the facts of this case.

### D. No Basis for Recusal Under Section 144

Finally, the Court finds no basis for recusal under Section 144 for two reasons. First, Desert Lifestyles has failed to meet Section 144's procedural requirements. Namely, Desert Lifestyles fails to provide the necessary certificate of good faith that must accompany the affidavit. 28 U.S.C.

§ 144. This certificate is plainly required by the statute, and the failure to include it renders the motion for recusal deficient to the extent it is made under Section 144. See id. (a party's affidavit "*shall* be accompanied by a certificate of counsel of record stating that it is made in good faith.") (emphasis added); Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir. 1981) ("The failure to follow these elementary procedural requirements defeats a charge of bias.").

However, even assuming that Defendant's motion was not procedurally deficient, the Court nonetheless finds that Defendant's motion is legally deficient. Even accepting as true the main factual allegation of the motion as to the distance between the respective properties, this allegation does not support a finding of bias or impartiality based upon financial impact on the undersigned's property. The motion is based entirely on the argument that the mere relative proximity of the respective properties by itself establishes a basis for bias or impartiality. This conclusory argument, however, is not supported by the record in this case. As discussed previously, there was no finding and no testimony to support a finding that the decrease in property values in the Silverstone gated community extended beyond the homes in the community to other homes in the same zip code. Indeed, the expert testimony was very specific on the limitations as to property valuations. Thus, even accepting the factual assertion of the motion in this case, the Court finds that this assertion does not provide an adequate legal basis for recusal. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir.1995) (citing United States v. Sibla, 624 F.2d 864, 868–69 (9th Cir.1980)) ("[M]ere conclusory allegations ... are insufficient to support a claim of bias or prejudice such that recusal is required.").

**CONCLUSION**

For the reasons discussed above,

**IT IS ORDERED** that the Defendant's Motion for Recusal (ECF No. 102), filed under seal, is DENIED.

DATED: January 5, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**